IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DEREK WHITNEY                                                                                          PLAINTIFF

V.                                                                        CIVIL ACTION NO.2:05CV110-WAP-JAD

OTIS TAYLOR, et al                                                                                  DEFENDANTS

## REPORT AND RECOMMENDATION

On October 6, 2005 , plaintiff, an inmate at Tallahatchie County Correctional Facility, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Whitney complains that he was assaulted by the defendants Taylor and Jackson. He claims he was handcuffed and thrown to the floor resulting in personal injuries. Whitney was then put in segregation. He complains that McDonald came to his cell telling him he had to sign papers presented to him by McDonald in order to get out of segregation. He subsequently learned that the papers said that he had attended a disciplinary hearing and been found guilty of a rules violation. He has also complained that he filed a grievance with Mrs Forrest which she failed to process within three months. Process will be issued for these defendants.

Whitney has also alleged that James Cooke, the warden and Corrections Corporation of America are liable. In a § 1983 action the employers and supervisors cannot be held liable for the actions of prison employees under a respondeat superior theory of liability. *Monell v. Department of Social Services*, 436, U.S. 658, 98 S. Ct. 2018, 56 l. Ed. 611(1978).

The undersigned therefore recommends that this action be dismissed with prejudice as to James Cooke and Corrections Corporation of America.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 12th day of October, 2005.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE