IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DEREK WHITNEY                                                    PLAINTIFF

V.                                        CIVIL ACTION NO.2:05CV110-WAP-JAD

OTIS TAYLOR, et al                                       DEFENDANTS

REPORT AND RECOMMENDATION

The undersigned has reviewed the file in this action and the defendants' motion for summary judgment(Doc. 35). Whitney filed no response to the motion, but his sworn complaint has been considered.

SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Rule 56(e) Fed.R.Civ.P. requires that materials supporting or opposing the motion be admissible at trial. Material that would be inadmissible cannot be considered on a motion for summary judgment since it would not establish a genuine issue of material fact.

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 323, 106 S.Ct. at 2553). If the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald.* 893 F 2d 787, 793(5th Cir. 1990).

The moving party must make a showing that there is no dispute of material fact, to preclude the grant of summary judgment. If this showing is made, the non-movant must go beyond pleadings and submit specific evidence showing that there are one or more genuine issues of fact to be resolved by trial. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp*, 37 F.3d 1069, 1075 (emphasis omitted). While all facts are considered in favor of the non-moving party, including all reasonable inferences therefrom, *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995), the nonmovant's burden, " is not satisfied with 'some metaphysical doubt as to the material facts,' *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356, by 'conclusory allegations,' *Lujan,* 497 U.S. at 871-73, 110 S.Ct. at 3180, by "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir.1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir.1994)." *Little v. Liquid Air Corp.* at 1075.[1] Summary judgment is appropriate if "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Armstrong v. City of Dallas,* 997 F.2d 62 (5th Cir.1993). If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted.

These standards have been applied in evaluating the evidence of record in support of and opposition to the motion for summary judgment.

PLEADINGS AND EVIDENCE

Whitney is an epileptic inmate housed at the Tallahatchie Correctional Facility. The plaintiff in his sworn complaint claims that without provocation or discernible reason, the defendants

---

[1] Quoting from *Matsushita Electric Indus.Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed. 2d 538(1986); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 110 S.Ct. 3177, 111L.Ed.2d 695(1990).

OtisTaylor and Charles Jackson approached him claiming that he had said 'untoward' things to a correctional officer Evon Fairly while obtaining medications. He claims these officers threw him on the floor and beat him, while handcuffing him. He claims to have put up no resistance to the officers. He was given an RVR for the incident. He claims that Taylor later approached him and told him to sign a document if he wanted to get out of segregation. Whitney claims he signed the document without reading it and later learned that the document stated that he appeared before a disciplinary committee and was found guilty of a rule infraction. The defendant Tracy McDonald had signed this hearing form. He was placed in administrative segregation for 5 days. His complaint states that he now refuses to go to the pill call window as a result of this incident.

Whitney claims that he attempted to file a grievance regarding the assault and the defendant Delma Forrest refused to process the grievance, telling Whitney he had to appeal the disciplinary results. Whitney then filed a grievance for the failure to let him file the grievance on the assault. He includes a claim under the Americans with Disabilities Act, 42 U.S.C. § 12102(2). All of the defendants are alleged to have conspired to cover up the assault and injuries and to deprive Whitney of his rights in the disciplinary and grievance procedures. He alleges that he has been the victim of discrimination because of his status as a Native Hawaiian.

The defendants' version of the subject events is dramatically different. The defendants have submitted the affidavit of Whitney's case manager that he is a constant behavior problem, having been through no less than 10 disciplinary hearings. He has been violent toward staff on a regular basis, causing all staff to have been counseled to deal with Whitney with great caution. Documentation regarding numerous violent encounters including the subject incident is in the record.

Officer Fairlee reported that Whitney made threats to Fairlee and used profanity after Fairlee ordered Whitney not to refer to Nurse Hopper as his mother.

Officer Charles Jackson's affidavit indicates that he heard Whitney making disparaging remarks to Fairlee and went with Taylor to assist. Jackson claims that Whitney was extremely belligerent. Jackson told him to calm down or he would be handcuffed. Jackson cuffed Whitney, as ordered. Because of Whitney's continued resistance, Jackson and Taylor took him to the floor. Whitney admittedly sustained a cut above his eye. Jackson claims that after the incident his only involvement was filling out an incident statement. He denies that he had any involvement in the disciplinary process or the grievance process. He denies there was any conspiracy with the other defendants.

Officer Tracy McDonald states in his affidavit that he relied upon the reports of Rosa Taylor and Evon Fairlee to find Whitney guilty of the rules violation. McDonald states that Whitney was present at the hearing and signed the document stating that he did not choose to appeal the result. Officer McDonald denies any conspiracy.

## SERVICE OF PROCESS

Whitney puts forth an Eighth Amendment excessive force claim against the defendants Otis Taylor and Charles Jackson. The factual disputes about the incident in which Whitney received a cut to his head must be resolved by a jury. The defendants have not sought summary judgment on this issue. The case however should only proceed as to Jackson.

The defendant Otis Taylor was never served in this action, nor has he waived process. His answer preserves the failure to serve process as a defense. He has moved for dismissal based upon the failure to serve him within the time allowed in F.R.Civ.P. 4(m). The court ordered the plaintiff

to provide it with an address on defendant Taylor and warned him that the failure to comply could result in the dismissal of his complaint against Taylor. The plaintiff has failed to respond in any manner to the court's order. The undersigned recommends that the complaint be dismissed with prejudice as to the defendant Taylor for failure to prosecute. Alternatively, it must be dismissed without prejudice, since Taylor has never been served.

CONSPIRACY CLAIMS

The record is long on accusation of conspiracy by the defendants to deprive the plaintiff of constitutional rights and statutory rights under the Americans with Disability Act. He claims he has been deprived of his Due Process and Equal Protection Rights, claiming to be the target of discrimination because he is a Native Hawaiian. Whitney apparently is attempting to plead § 1985 conspiracy.

All of these claims fail because Whitney has failed to make out a prima facie case on multiple elements. In order to state a claim of conspiracy, the plaintiff must allege specific facts not merely conclusory allegations. Lynch v. Cannatella, 810 F. 2d 1363, 1369-70 (5th Cir. 1987). There is nothing in the record that would support a finding of any conspiracy among the defendants. They have filed affidavits denying any conspiracy. The only rebuttal is the conclusory allegations of the complaint. There are no facts, circumstances or sequence of events to suggest or support any implication of a conspiracy. On this basis there is a failure of proof of a key element of proof on which Whitney bears the burden of proof.

Additionally in order to be guilty of a conspiracy to deprive Whitney of his constitutional or statutory rights, there must be a recognized constitutional or statutory right implicated. What rights

does Whitney claim were violated and are they constitutionally recognized or statutorily protected? His claims are addressed below:

1. Whitney claims he was deprived of his due process rights in the disciplinary proceedings. Accepting Whitney's claim that there was in fact no disciplinary hearing at which he was present and that he neither waived the hearing or appeal, he has nevertheless failed to state a claim against any of these defendants. He was placed in administrative segregation pending the purported hearing and release on the day the defendants claim the hearing was held five days later. "Absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim" because" it simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Martin v. Scott*, 156 F 3d 578 (5th Cir. 1998) quoting *Pichardo* v *Kinker*, 73 F.3d 612, 612-3 (5th Cir. 1996). See also *Sandin v. Conner*, 515 U.S. 472, 485, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (there is no liberty interest in a prisoner's administrative segregation absent atypical, significant deprivation); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995) (following *Sandin* ); *Moody v. Baker,* 857 F.2d 256, 257-58 (5th Cir.1988) (no protectible interest in custody classification). There is evidence to support the imposition of segregation. The segregation was only for a period of five days, significantly less than the thirty days imposed in *Sandin*. The hearing was purportedly on April 29, 2005 and allowed credit for time served, resulting in Whitney's release on the same day. Whitney has not shown any constitutional violation. This claim is frivolous and should be dismissed with prejudice.

2. Whitney alleges that he has been deprived of his rights to grieve the attack on him. Whitney has no constitutional right to any administrative remedy. "Congress requires inmates to exhaust their "administrative remedies as are available..." 42 U.S.C. § 1997e(a) as a necessary

6

prerequisite to filing suit, but gives them no rights to or within such a system. "A prison system is not required to establish grievance procedures, and inmates do not have a basis for a lawsuit because a prison system has no established grievance procedures or fails to adhere to it. 42 U.S.C. 1997e(b)." *Bradford v. Kuykendall*, 2005 WL 1521016, 5(E. D. Tex.) citing G*eiger v. Gowers,* 404 F. 3d 371, 374(5th Cir. 2005). Whitney has no right to have grievances resolved to his satisfaction. This claim is frivolous and should be dismissed with prejudice.

3. Whitney alleges conspiracy to deprive him of his rights as a minority, a Native Hawaiian, and a denial of his Equal Protection Rights. Aside from the complete failure to put forth any facts showing any meeting of the minds or conspiracy, Whitney fails to make any factual showing of any discriminatory animus by any defendant. He fails to make any showing that he has been treated differently than other similarly situated non-Hawaiian inmates. This claim is frivolous and should be dismissed with prejudice.

4. Whitney claims his rights under the Americans with Disabilities Act have been violated. The defendants correctly point out that the applicable portion of the ADA applies to and prohibits discrimination against individuals with a disability by *public entities*, not by individuals. Additionally, whether Whitney's version of an unprovoked, unjustified and excessive use of force is true, or the defendants' version of appropriate and necessary use of force is accepted, Whitney has failed to make any showing or offer any factual basis for believing that his alleged disability, epilepsy, had any bearing whatsoever on the occurrence.

The undersigned recommends that the claim for excessive use of force as to the defendant Jackson proceed to trial, based upon the existence of disputes of material fact. The undersigned recommends that the remaining defendants and all remaining claims be dismissed with prejudice.

7

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 7th day of August, 2006.

/s/ JERRY A. DAVIS  
UNITED STATES MAGISTRATE JUDGE